IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                 Plaintiff,                 ORDER

          v.                        03-cr-67-bbc-01

LONNIE DONAGHUE,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Lonnie Donaghue's supervised release was held on February 9, 2012, before U. S. District Judge Barbara B. Crabb.  The government appeared by U.S. Attorney John W. Vaudreuil.  Defendant was present in person and by Associate Federal Defender Kelly A. Welsh.  Also present was U. S. Probation Officer Traci L. Jacobs.

From the record and the parties' stipulation, I make the following findings of fact.


FACTS

Defendant was sentenced in the Western District of Wisconsin on October 13, 2004, following his conviction for aiding and abetting embezzlement from a program receiving federal funds, in violation of 18 U.S.C. §§ 666 (a)(1)(A) and 2.  This offense is a Class C felony.  Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 96 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on May 5, 2011.

On August 9 and 10, 2011, defendant violated Standard Condition No. 3 requiring him to follow all instructions of his supervising probation officer, when he failed to contact the U.S. Probation Office as directed. He violated this condition again on August 14, 2011, when he falsely reported that he was given notice by his landlord to vacate his property.

In August 2011, defendant violated Standard Condition No. 6, requiring him to notify his supervising U.S. probation officer ten days before any change in residence, when he moved without prior authorization.

Defendant has violated the monetary condition requiring him to submit payments as set forth in the Schedule of Payments by failing to make any restitution payments since commencement of his term of supervised release.

In September 2011, defendant violated the statutory condition prohibiting him from committing another federal, state or local crime when he falsely reported on his August monthly supervision report that he was living at 328 9th Street in New Richmond, Wisconsin. He violated this condition again on October 2 and October 8, 2011, when he wrote worthless checks totaling $500 to Dan's First Call in West Milwaukee, Wisconsin.

From September 2011 through January 2012, defendant violated Standard Condition No. 2, requiring him to submit a truthful and complete written report, when he failed to submit his monthly supervision reports.

In October 2011, defendant violated Standard Condition No. 1, requiring him to obtain permission from the court or probation officer to leave the judicial district, when he

traveled to West Milwaukee, Wisconsin, in the Eastern District of Wisconsin.

Defendant's violations include conduct that falls into the category of a Grade B violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervised release upon finding of a Grade B violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release will be revoked.

Defendant's criminal history category is VI. With a Grade B violation, defendant has an advisory guideline term of imprisonment of 21 to 24 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. The purpose of this sentence is to provide a consequence for defendant's violations and to protect the public from further criminal behavior.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on October 13, 2004, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months with no supervision to follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 9th day of February, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
U.S. District Judge